IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD E. GOODLOE, | No. 4:23-CV-01247 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN J. SAGE, | |
| Respondent. | |

MEMORANDUM OPINION

JANUARY 10, 2024

Petitioner Ronald E. Goodloe is currently confined at the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg). He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights were violated during disciplinary proceedings, which resulted in the loss of good-conduct time and other privileges. For the following reasons, the Court must deny Goodloe's Section 2241 petition.

I. **BACKGROUND**

Goodloe is currently serving a 130-month sentence for conspiracy to distribute methamphetamine imposed by the United States District Court for the Western District of Michigan.[1] His projected release date, based on good-conduct time, is August 6, 2028.[2]

---

1  Doc. 12-1 at 3 ¶ 3; *id.* at 5.
2  *Id.* at 5.

On March 7, 2023, Goodloe's cell, which he shared with another inmate, was searched by a USP Lewisburg corrections officer.[3] The officer found a paper in the common area of the cell that appeared to be soaked in an unknown substance.[4] The officer performed a "NIK test A," which had a positive result for amphetamines.[5] The officer then performed a second test, "NIK test U," which was also positive for amphetamines.[6] Finally, the officer performed a third test, "NIK test W," which likewise yielded a positive result for amphetamines.[7]

Goodloe was charged with Offense Code 113 (Possessing Drugs/Alcohol).[8] This charge is designated by the Bureau of Prisons (BOP) as one of the "Greatest Severity Level Prohibited Acts."[9] Goodloe appeared before the Unit Disciplinary Committee (UDC) the following day and asked for the test to be "sent to an outside lab."[10] The UDC referred the charge to the Discipline Hearing Officer (DHO) and recommended "appropriate sanctions."[11]

Goodloe was provided with a copy of the incident report and advised of his discipline hearing rights, and he waived the right to have a staff representative or to

---

[3]   *Id.* at 7.
[4]   *Id.*
[5]   *Id.*
[6]   *Id.*
[7]   *Id.*
[8]   *Id.*
[9]   *See* 28 C.F.R. § 541.3 (table 1).
[10]  Doc. 12-1 at 8.
[11]  *Id.*

2

call witnesses.[12] On March 16, 2023, a hearing was held before the DHO.[13] Goodloe did not present any evidence or witnesses, but did contend that he had "asked for the test to [be] sent out to a lab" and that his "due process rights were violated."[14]

The DHO found the charge to be supported by the "greater weight of evidence," citing the incident report, NIK testing, and photographs of the substance-soaked paper and test results as evidence that Goodloe had committed the charged offense.[15] The DHO imposed significant sanctions on Goodloe for the violation, including disallowance of 41 days of good-conduct time, forfeiture of 148 days' nonvested good-conduct time, 45 days' disciplinary segregation, and loss of commissary and phone privileges for a year.[16]

Goodloe asserts that he appealed the DHO's decision to the BOP's Regional Director and Central Office.[17] He subsequently filed the instant Section 2241 petition in July 2023.[18] He requests that his good-conduct time be restored and the offense be expunged from his record.[19] The petition is fully briefed and ripe for disposition.

---

[12] *Id.* at 9-11.
[13] *See generally id.* at 12-15.
[14] *Id.* at 14.
[15] *Id.* at 13-14.
[16] *Id.* at 14.
[17] *See* Doc. 1 at 2; Doc. 1-2, Doc. 1-3.
[18] *See generally* Doc. 1.
[19] *Id.* at 8.

## II.   DISCUSSION

Goodloe provides little detail in his Section 2241 petition regarding his claim or claims with respect to the disciplinary infraction.  He ambiguously alleges that his disciplinary proceedings involved "due process and privacy violations,"[20] but he does not explain what those violations were.  Without identifying how his constitutional rights were allegedly infringed, it is difficult (if not impossible), to determine whether habeas relief is due.  Nevertheless, the Court will endeavor to review Goodloe's vague "due process" claim.

Inmates retain certain procedural due process rights in prison disciplinary proceedings, although these rights "may be curtailed by the demands and realities of the prison environment."[21]  *Wolff v. McDonnell* enumerates those protections and requires, at minimum, (1) the right to appear before an impartial decision-making body; (2) written notice of the charge(s) at least 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence (so long as the presentation of such evidence is not "unduly hazardous to institutional safety or correctional goals"); (4) if the inmate is illiterate or complex issues are involved, assistance from another inmate or a staff member; and (5) a

---

[20]   Doc. 1 at 6.
[21]   *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974)).

written decision by the factfinder setting forth the evidence relied on and the reasons for the disciplinary action.[22]

When an inmate challenges the sufficiency of the evidence in a prison disciplinary proceeding that resulted in the loss of good-conduct time, "the requirements of due process are satisfied if *some evidence* supports the decision" to revoke good-time credits.[23] Determining whether this standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."[24] Rather, the relevant inquiry for the court is whether there is "any evidence in the record that could support the conclusion" reached by the decisionmaker.[25]

Upon review of the record, there does not appear to have been any due process violation with respect to Goodloe's disciplinary proceedings. In fact, Goodloe does not even allege that he was denied any procedural protections outlined in *Wolff v. McDonnell*. Goodloe received a hearing before a DHO, timely advance written notice of the charge, the opportunity to call witnesses or present evidence (which he declined), the opportunity to have a staff representative assist him (which he also declined), and a comprehensive DHO report.

---

[22] *Wolff*, 418 U.S. at 563-70 (citations omitted).
[23] *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (emphasis added).
[24] *Id.*
[25] *Id.* at 455-56; *see also Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013) ("[T]he 'some evidence' standard is a standard of appellate review to be applied by the district court rather than a burden of proof in a prison disciplinary proceeding." (citation omitted)).

In his traverse, Goodloe raises a host of irrelevant, general accusations about the conduct of USP Lewisburg officials. He alleges that "staff has constantly used retaliatorial [sic] misconduct" at USP Lewisburg, that the SIS captain "framed a lot of inmates with K2," and that prisons often use unreliable confidential informants who cannot be confronted in disciplinary proceedings.[26] Goodloe, however, does not claim that any of this alleged malfeasance occurred during his disciplinary proceedings, and the Court additionally notes that none of his disciplinary records indicate the use of a confidential informant.

Goodloe also cursorily asserts that the NIK testing is unreliable,[27] and he appears to claim that the positive results should have been confirmed by testing at an outside laboratory.[28] However, such speculative, bald assertions, without more, do not establish a due process violation.[29] The Court further observes that NIK testing was performed three times during the investigation into Goodloe's case, which testing repeatedly confirmed the presence of amphetamines.

---

[26] Doc. 13 at 2-3, 5.
[27] *Id.* at 4.
[28] *See* Doc. 1-2; Doc. 1-3.
[29] *See Johnson v. Bradley*, No. 1:21-cv-2067, 2023 WL 274505, at *4 (M.D. Pa. Jan. 18, 2023) ("As to his request for outside laboratory testing, Johnson can only speculate as to what the result of that testing might have been. This type of bald speculation does not demonstrate that he was prejudiced by the absence of the requested testing. Under Johnson's reasoning, any denial of a prisoner's request for additional investigation (*e.g.*, outside laboratory testing) would constitute a due process violation and render the disciplinary proceedings void. This is obviously not the intent of *Wolff*'s mandate that a prisoner be allowed to present evidence in his defense.").

To the extent that Goodloe's petition could be construed as challenging the sufficiency of the evidence, this challenge fails. The DHO, in his written report, relied on the incident report, NIK testing, and photographs to find that Goodloe had committed the charged offense. This evidence plainly satisfies the "some evidence" requirement, and thus there was no due process violation with respect to the sufficiency of the evidence.

Finally, insofar as Goodloe may be asserting that he did not possess the drug-soaked paper because it was found in the common are of a shared cell, this argument is unavailing. The United States Court of Appeals for the Third Circuit has explicitly found that discovery of contraband in a *hidden area* accessible from a prisoner's cell is sufficient—in the prison setting—to constitute "some evidence" that the prisoner possessed the contraband.[30] In the instant case, the contraband was discovered in the common area of the shared cell and thus clearly constitutes "some evidence" that Goodloe possessed the contraband.

In sum, Goodloe has failed to establish a due process violation with respect to his disciplinary proceedings. The Court, therefore, will deny his Section 2241 petition.

---

[30] *See Denny*, 708 F.3d at 147 (holding that discovery of two homemade shanks found in hidden space accessible from petitioner's two-person cell, by itself, constituted "some evidence" that petitioner possessed the weapons in question).

### III. CONCLUSION

For the foregoing reasons, the Court will deny Goodloe's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge